# CIRCUIT COURT OF FAIRFAX COUNTY

Horbach

v.

Traverse Technologies, Inc., et al.

November 30, 1994

Case No. 85602

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is plaintiff's motion to compel defendants to surrender all of the stock of Integrated System Technology to the sheriff of Fairfax County pursuant to a judgment entered against defendants in the King County Superior Court in Seattle, Washington. For the reasons that follow, plaintiff's motion is denied.

The following facts are relevant. Defendant Traverse owns all of the stock of Integrated Systems, 1,000 shares of which have been issued to this date. On August 26, 1994, Traverse purchased 700 of the shares from plaintiff for a per share purchase price of $1,428.57. Traverse paid plaintiff $950,000 in cash and executed a confessed judgment promissory note in the amount of $200,000. When Traverse failed to meet its obligations under the note, plaintiff obtained a judgment in the amount of $210,542 against Traverse. Plaintiff has now executed on the judgment here in Virginia and seeks to levy on all 1,000 shares of stock.

Virginia Code § 8.01-490 states that no levy or distress shall be unreasonable. Several factors must be considered in the determination of whether the levy in a particular case is unreasonable or excessive. These considerations include the divisibility of the property, the quality, quantity, and nature of the property, and the value of the property in relation to the amount of the levy. *See, e.g.*, 30 Am. Jur. 2d, *Executions*, §§ 96-99 (1967), and 33 C.J.S., *Executions*, § 107 (1942).

I find that the proposed levy in this case is unreasonable and excessive. Using the purchase price at which the stock was sold three months ago, the approximate fair market value of 1,000 shares of stock exceeds one mil-

lion dollars; the amount of the judgment is $210,542. The property sought to be subjected to the levy is readily divisible, and while its value is open to fluctuation, execution on shares valued only a few months ago at five times the amount of the judgment is unreasonable.

Accordingly, plaintiff's motion to compel defendants to surrender all 1,000 shares of stock is hereby denied. The Court will enter the order submitted by defendant Traverse, limiting the amount of the levy to 150 shares.